Reese, J.
delivered the opinion of the court.
The only question which has been discussed before us is, whether the bill in this case was filed within two years after administration granted to the defendant. Administration was granted on the first Monday in July, 1841, and the plaintiff alleges, on his part, that the proof shows that the bill was filed on the 29th day of June, 1843; and the defendant, on the other hand, contends that the bill was not filed until September, 1843. This is a matter of fact to be made out by the testimony. The endorsement of the clerk on the back of the bill, as to the time at which it was filed, makes it to have been filed, as insisted on by defendant, in the month of September, 1843. On the part of the plaintiff, it is contended that such endorsement amounts to prima facie evidence of the fact which it imports; on the part of the defendant, it is conceded that it amounts to no more. Two of the counsel for the complainant below, who prepared the bill, testify that they were well aware at the time that the two years within which the bill must have been filed, to avoid the administrator’s plea of the statute of limitations, would then shortly elapse, and that it was necessary for them to act promptly; so, in the last days of June they completed the bill *417 in the city of Memphis, gave it to complainant, directing him to file it in the office of the deputy clerk in chancery for the county of Shelby, at Raleigh. They saw him a day or two afterwards, and he told them that he had given the bill to V. D. Barry, esq., the clerk being absent, who told him it should be filed.
"V. D. Barry, Esq. testifies that the deputy clerk was his relative, resided in his family, and kept his office in witness’ law office, and when leaving home some days before the 29th June, 1843, on a visit to Nashville of some weeks duration, he had expressly requested and directed him to receive and file bills, and to assist in other such like matters, as he had done on former occasions, and this witness promised to do. He finds written in pencil on the back of said bill in his hand writing, the words and figures, “29th June, 1843,” and he entertains no doubt that on that day he received the bill from Montgomery, or some one for him, and endorsed the words to indicate that, on that day, the bill was filed by him in the office. We do not think it at all necessary to discuss the nature and extent of the witness’ official relations, if any, to the clerk or his office, under the circumstances proved. His agency, however, was such as to make the reception of the bill into the office, on the day he mentions, regular and proper, and to impose upon the clerk the duty of endorsing the fact upon the bill, according to the truth and the legal effect of the transaction — that the bill was filed on the 29th June, 1843. His omission to do so, either from ignorance or mistake, should not be suffered unjustly to affect the rights of the complainant. No act, on the part of V. D. Barry, was necessary to have been done but to receive the paper into the office according to his instructions, and then to inform the clerk of the fact, whose duty it would become to take it and treat the matter as if he, at the time, and not Mr. Barry, had received the paper. The corporeal presence and manual reception of the clerk, are not necessary, in all instances, to enable him to state the truth of facts with their proper dates as they occur. In this case, we think he ought to have stated the bill was filed on the 29th of June, 1843. His omission to do so, cannot vary or exclude the truth of the fact, and it *418 having been, as we think, sufficiently proved, we hold that this bill was filed, and this suit commenced at that time, and, therefore, that the complainant is not barred of the .account, prayed in the bill, by the defendant’s plea of the statute of limitations.
The chancellor’s decree which dismissed this bill must, therefore, be reversed, and the parties are ordered to account.